**RUNCHANG LEI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74624.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**559**

Submitted April 13, 2009.*

Filed April 21, 2009.

Jesus Manuel Sanchez, Esquire, Manuel J. Sanchez & Associates, San Ysidro, CA, for Petitioner.

OIL, Gretchen M. Wolfinger, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Runchang Lei, a native and citizen of China, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies between Lei's testimony and his application regarding when he became interested in Falun Gong and how many demonstrations he had attended were substantial and go to the heart of his claim. *See Chebchoub v. INS,*

257 F.3d 1038, 1043 (9th Cir.2001). In addition, the IJ's negative assessment of Lei's demeanor is entitled to special deference and supports the adverse credibility determination. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). Accordingly, Lei's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Lei's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to China, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.